# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2487

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas. |
| James Dennie, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 7, 2000
Filed: March 10, 2000

_____

Before RICHARD S. ARNOLD, BOWMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

James Dennie appeals his conviction and sentence in the district court,[1] entered upon a guilty plea, for wire fraud and money laundering; the court sentenced Dennie to 57 months imprisonment and 3 years supervised release. He argues the district court erred in not sentencing him to 19 months imprisonment, as he had been promised such a sentence by an FBI agent during his plea discussions. Alternatively, Dennie requests that he be allowed to withdraw his guilty plea. In his pro se supplemental brief, Dennie

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

contends resentencing is necessary because the district court failed to acknowledge its authority to depart downward under U.S. Sentencing Guidelines Manual § 4A1.3 (1999) on the basis that his criminal history category overrepresented the seriousness of his criminal history.

We conclude that the record is devoid of any evidence to support Dennie's assertion that an FBI agent promised he would be sentenced to 19 months imprisonment if he pleaded guilty, especially in light of plea agreement statements and Dennie's plea-hearing testimony disavowing any other promises. Further, any promise the FBI agent made regarding the calculation of Dennie's Guidelines range is unenforceable, as Dennie failed to demonstrate the agent was authorized to make such a promise. See United States v. Streebing, 987 F.2d 368, 372 (6th Cir.), cert. denied, 508 U.S. 961 (1993); United States v. Kettering, 861 F.2d 675, 678 (11th Cir. 1988).

We conclude the district court did not abuse its discretion in denying Dennie's motion to withdraw his guilty plea based on his belief that he was promised a shorter sentence. Dennie's plea agreement informed him that the Guidelines were applicable, and that any prior discussions of the applicable Guidelines range were attempts to "guess" the range; the agreement further provided that he would not have the right to withdraw his guilty plea should the ultimate Guidelines imprisonment range exceed the parties' expectations. Moreover, during his change-of-plea hearing, the district court cautioned Dennie that it would ultimately determine his Guidelines range. See United States v. Mahler, 984 F.2d 899, 902 (8th Cir. 1993).

Finally, we decline to address Dennie's contention that his case should be remanded to the district court to determine the appropriateness of a downward departure under section 4A1.3, because he did not present this argument--or any other argument for a downward departure--below, the district court was aware of his criminal history, and no gross miscarriage of justice is present. See United States v. Williams, 994 F.2d 1287, 1294 (8th Cir. 1993).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.